1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

## WESTERN DIVISION

11

MATTHEW D. BERKELHAMMER,   )   No. CV 08-532 AGR

12

       Plaintiff,     )

13

         )   MEMORANDUM OPINION AND ORDER

   v.       )

14

MICHAEL J. ASTRUE,     )
Commissioner of Social Security,   )

15

         )

       Defendant.    )

16

                   )

17

18     Plaintiff Matthew D. Berkelhammer ("Berkelhammer") filed a Complaint on

19  January 28, 2008.  Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to

20  proceed before Magistrate Judge Rosenberg on February 6 and February 19, 2008.

21  (Dkt. Nos. 6-7.)  The parties filed a Joint Stipulation ("JS") on October 6, 2008, that

22  addresses the disputed issues in the case.  The Commissioner filed the certified

23  administrative record ("AR").  The Court has taken the Joint Stipulation under

24  submission without oral argument.

25     Having reviewed the entire file, the Court remands this matter to the

26  Commissioner for proceedings consistent with this opinion.

27  ///

28  ///

I.

## PROCEDURAL BACKGROUND

On June 6, 2005, Berkelhammer filed an application for Social Security Disability Insurance benefits, alleging disability since August 19, 2003.  AR 14.  The application was denied.  AR 42.  Berkelhammer requested a hearing on February 7, 2006.  AR 50. An Administrative Law Judge ("ALJ") conducted a hearing on February 26, 2007.  AR 28-41.  On May 24, 2007, the ALJ issued a decision denying benefits.  AR 11-18.

Berkelhammer filed a Request for Review of the ALJ's decision on June 11, 2007.  AR 9-10.  Berkelhammer filed a brief dated August 6, 2007 and a pre-operative consultation dated August 13, 2007, in which he notified the Appeals Council that he was scheduled for surgery (anterior lumbar interbody fusion and posterior spinal fusion) on August 22, 2007.  AR 6, 116-123.  On November 26, 2007, the Appeals Council denied the request for review.  AR 3-6.

II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner.  *Moncada*, 60 F.3d at 523.

III.

**EVALUATION OF DISABILITY**

A.   **Disability**

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

B.   **ALJ's Findings**

The ALJ found that Berkelhammer has "severe" impairments consisting of "degenerative disc disease of the lumbar spine and cervical spine." AR 16. Berkelhammer's "ability to perform work-related activities only is limited by his inability to lift and carry more than twenty pounds on an occasional basis and ten pounds on a frequent basis, by his inability to do more than occasional climbing, balancing, stooping, kneeling, crouching, and crawling, and by his inability to perform more than occasional overhead reaching." *Id.* The ALJ found that Berkelhammer "is capable of performing past relevant work as labor relations specialist, as performed in the national economy." AR 18.

C.   **Berkelhammer's Subjective Symptoms and Credibility**

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (citing *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). Here, the ALJ found that Berkelhammer's

3

1  "medically determinable impairments could reasonably be expected to produce some
2  symptoms."[1]  AR 17.

3        "Second, if the claimant meets this first test, and there is no evidence of
4  malingering, 'the ALJ can reject the claimant's testimony about the severity of her
5  symptoms only by offering specific, clear and convincing reasons for doing so.'"
6  *Lingenfelter*, 504 F.3d at 1036 (citations omitted).  "In making a credibility determination,
7  the ALJ 'must specifically identify what testimony is credible and what testimony
8  undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir.
9  2006) (citation omitted).

10        Here, the ALJ made no finding of malingering.  "[T]o discredit a claimant's
11  testimony when a medical impairment has been established, the ALJ must provide
12  specific, cogent reasons for the disbelief."  *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir.
13  2007) (citations and quotation marks omitted).  "The ALJ must cite the reasons why the
14  claimant's testimony is unpersuasive."  *Id.* (citation and quotation marks omitted).  In
15  weighing credibility, the ALJ may consider factors including:  the nature, location, onset,
16  duration, frequency, radiation, and intensity of any pain; precipitating and aggravating
17  factors (e.g., movement, activity, environmental conditions); type, dosage,
18  effectiveness, and adverse side effects of any pain medication; treatment, other than
19  medication, for relief of pain; functional restrictions; the claimant's daily activities; and
20  "ordinary techniques of credibility evaluation."  *Bunnell v. Sullivan*, 947 F.2d 341, 346
21  (9th Cir. 1991) (en banc) (citing Social Security Ruling ("SSR") 88-13,[2] internal quotation

22

23        [1]   Berkelhammer appears to argue that the ALJ erred in listing Berkelhammer's severe
24  impairments at Step Two.  JS 3.  However, Berkelhammer does not identify any impairment
25  not already listed by the ALJ.  JS 3-4; AR 16.  Therefore, Berkelhammer's arguments are
   considered in connection with the ALJ's assessment of credibility.

26        [2]   Social Security rulings do not have the force of law.  Nevertheless, they "constitute
27  Social Security Administration interpretations of the statute it administers and of its own
   regulations," and are given deference "unless they are plainly erroneous or inconsistent
28  with the Act or regulations."  *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

marks omitted).  The ALJ may consider (a) inconsistencies or discrepancies in claimant's statements; (b) inconsistencies between claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment.  *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Id.* at 959; *Morgan v. Commissioner of the Social Security Administration*, 169 F.3d 595, 600 (9th Cir. 1999).

The ALJ found that Berkelhammer's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible."  AR 17.  At the hearing, Berkelhammer testified to the reasons he stopped working in August 2003:

> Well, I had just had a second really serious episode of severe back pain.  I was out for, I believe it was probably close to two months at the time.  And part of that time, I was totally incapacitated on my back and couldn't move.  And that was the second such incident I had had.  I had one about a year prior in August of 2002 with similar type of pain and similar type of absence from the job.  In 2003, after I was out of work for almost two months, my condition hadn't really - - it had kind of stabilized, but it hadn't really improved to the point where I felt I could continue my duties in the manner that were required of the job, and I knew that my job didn't offer any light duty or restricted duty.  So at that time, since my condition - - I was still in a lot of pain, but my condition didn't seem to be improving much, I decided to seek early retirement from that job.  It was not something I wanted to do.  I wanted to continue working at that time, but I felt I would be unable to work at the level that was required.

>                                     *   *   *

5

I have my greatest pain is in my lower back on the left side
and going down my leg into my foot.  And it's - - the single
most painful thing for me is riding in a car or even sitting in a
car if I'm not driving.  Just the sitting, and the vibration and the
bouncing gives me a great deal of pain, and I found I was
unable to drive without being in great pain for like longer than
20 minutes or so, and also sitting for more than about 20
minutes or so also gave me a great deal of pain.  If I pushed it
beyond that, I often had to lie down or maybe the next day my
back would be a lot worse and I would have trouble like getting
out of bed in the morning and so on, so I just felt that I could
not continue my duties.

AR 34-36.

In discounting Berkelhammer's credibility, the ALJ listed three factors: (1)
"allegedly limited daily activities cannot be objectively verified with any reasonable
degree of certainty"; (2) "even if the claimant's daily activities are truly as limited as
alleged, it is difficult to attribute that degree of limitation to the claimant's medical
condition, as opposed to other reasons, in view of the relatively weak medical evidence
and other factors discussed in this decision"; (3) "the medical record fails to show that
the claimant has required treatment in more than six months" and Berkelhammer's
"failure to seek additional medical care contradicts his complaints of pain."  *Id.*

As to the ALJ's first reason, lack of objective medical evidence to support
subjective pain allegations may be considered but is not sufficient alone to discount a
claimant's credibility.[3]  *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

---

[3]  On the other hand, the court notes a Disability Determinations System Case Activities
report in which it is stated, under "Claimant Credibility," that: "Based on the MDI and clmt's
condition, it could possibly cause the alleged symptoms.  The ADLs correlate with medical
findings, so clmt's allegations are credible."  AR 221.

The ALJ's second reason is not specific, clear and convincing. *See Lingenfelter*, 504 F.3d at 1036. Although the ALJ appears to attribute the degree of Berkelhammer's limitations to "other reasons" and "other factors," the ALJ nowhere identifies what these other reasons or factors are. AR 17. At best, the second reason is a restatement of the first and relies solely on "relatively weak medical evidence," which is insufficient alone to discount Berkelhammer's credibility. *Id.*

The ALJ's third reason also is insufficient. Although the ALJ found that Berkelhammer failed to seek treatment for more than six months, Berkelhammer's treating physician referred him to the chronic pain program in or about August 2005. AR 205. Kaiser submitted updated medical records from August 2005 through October 2006. AR 225-245. As of October 4, 2006, it was recommended that Berkelhammer undergo surgery. AR 231. After the ALJ's decision, Berkelhammer was scheduled to have anterior lumbar interbody fusion and posterior spinal fusion on August 22, 2007. AR 121, 123. The Appeals Council considered this new evidence and concluded that it did not provide a basis for changing the decision. AR 3-4. Given that the Appeals Council considered the new evidence in denying review, this Court also considers that evidence. *Lingenfelter*, 504 F.3d at 1030 n.2; *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000). The outcome of the surgery is unknown on this record. The ALJ's assumption that Berkelhammer did not seek treatment after October 2006 is not supported by substantial evidence.

On remand, the ALJ is required to accept Berkelhammer's symptom and pain testimony as true in determining whether he is entitled to benefits. *Vasquez v. Astrue*, 547 F.3d 1101, 1107 (9th Cir. 2008).

## B.   Past Relevant Work

"At step four of the sequential analysis, the claimant has the burden to prove that he cannot perform his prior relevant work 'either as actually performed or as generally performed in the national economy.'" *Carmickle v. Commissioner of the SSA*, 533 F.3d 1155, 1166 (9th Cir. 2008) (citation omitted). Past relevant work is work that the

claimant has done within the past 15 years, that was substantial gainful activity, and that lasted long enough for the claimant to learn to do it.  20 C.F.R. § 404.1560(b)(1).

"Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001).  The ALJ must make "specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." *Id.* at 845; SSR 82-62.  The Dictionary of Occupational Titles ("DOT") is "'the best source for how a job is generally performed.'" *Carmickle*, 533 F.3d at 1166 (citation omitted).

The ALJ found that Berkelhammer "is capable of performing past relevant work as labor relations specialist, as performed in the national economy."  AR 18.  Berkelhammer argues that the ALJ's finding is not consistent with his description of his job.  JS 13.  However, the ALJ did not find that Berkelhammer was capable of returning to his past relevant work as he actually performed it, but rather as it was generally performed in the national economy.  AR 18.

Given that the ALJ's finding at Step Four rested on discrediting Berkelhammer's testimony, this matter must be remanded.  On remand, the ALJ is directed to reassess his Step Four conclusion in light of (1) accepting Berkelhammer's symptom and pain testimony as true; (2) re-evaluating Berkelhammer's residual functional capacity (RFC) in light of his testimony; and (3) further analysis as to whether the ALJ identified the correct DOT occupation definition, 166.167-34 (AR 105) in light of Berkelhammer's description of his past relevant work.  *See Carmickle*, 533 F.3d at 1166.  Berkelhammer described his past duties as follows:

> Representation; contract enforcement; education; organizing. Commute to office in Los Angeles.  Represent employees in various types of hearings before State of California administrative and personnel bodies; research and prepare for

8

1                      hearings; use computer; type reports; answer telephones.

2                      Visit various worksites throughout Los Angeles County;

3                      organize meetings; speak at meetings; distribute materials;

4                      organize and participate in rallies, demonstrations, etc.

5                      Develop and teach steward training classes.  Attend meetings

6                      throughout Los Angeles County and periodically in other

7                      locations throughout California, including Sacramento, Rancho

8                      Cucamonga, San Diego, Santa Barbara, etc.

9 AR 93; *see also* AR 32-33 (Berkelhammer's testimony at hearing).  After reassessing

10 his conclusion at Step Four, if appropriate the ALJ may proceed to Step Five.

11 **IV.**

12 **CONCLUSION**

13       IT IS HEREBY ORDERED that the decision of the ALJ is remanded to the

14 Commissioner of Social Security for further proceedings at Step Four and, if

15 appropriate, Step Five.  On remand, the ALJ must accept Berkelhammer's symptom

16 and pain testimony as true.  At Step Four, the ALJ must re-evaluate Berkelhammer's

17 RFC in light of his testimony, and further reassess the appropriate DOT occupation

18 consistent with this opinion.

19       IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order

20 and the Judgment herein on all parties or their counsel.

21

22

23 DATED: February 19, 2009                      _____

                                            ALICIA G. ROSENBERG

24                                UNITED STATES MAGISTRATE JUDGE

25

26

27

28